UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY F. SMITH,

    Plaintiff,

v.

JAY MICHAEL DeBOYER and
JOCELYN MICHELLE BENSON,

    Defendants.
_____/

Case No. 2:22-cv-11572
District Judge Nancy G. Edmunds
Magistrate Judge Kimberly G. Altman

## MEMORANDUM REGARDING DOCKET ENTRIES 12 AND 19

### I.    Introduction

This is a case concerning the 2020 election. Plaintiff Gary F. Smith (Smith), proceeding *pro se*, is suing Defendants Jay Michal DeBoyer (DeBoyer), the St. Clair County Clerk, and Jocelyn Michelle Benson (Benson), the Michigan Secretary of State, alleging that they failed to preserve and maintain records related to the 2020 election. *See* ECF Nos. 1, 5. Under 28 U.S.C. § 636(b)(1), all pretrial matters were referred to the undersigned. (ECF No. 9).

The purpose of this memorandum is to address two filings, (ECF Nos. 12, 19), made by Prescott F. Palm (Palm), who submitted these filings as an "interested party." The Clerk's Office stuck the documents because Palm is not a party to this case. *See* ECF Nos. 12, 19. Palm is also listed as a "terminated" party

on the docket. This memorandum further explains the basis for striking Palm's filings.

## II. Background

Following the filing of the complaint and service, Benson filed a motion to dismiss on August 7, 2022, (ECF No. 7), and DeBoyer filed a motion to dismiss on August 9, 2022, (ECF No. 14). Smith's response to Benson's motion is due by September 6, 2022, (ECF No. 11). His response to DeBoyer's motion is due by September 12, 2022, (ECF No. 15).

On August 4, 2022, Palm submitted a document titled "Response to Motion to Dismiss." (ECF No. 12). Additionally, on August 11, 2022, Palm filed a 222 page "document" containing a number of unexplained exhibits. (ECF No. 19). As noted above, both of Palm's filings have been stricken from the record.

## III. Discussion

Palm's filings are improper. First, he is not a party and has not taken any action to properly intervene, and it is unclear what his relationship is to this case.

Motion practice in this Court is governed by both the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of Michigan. Neither permit a non-party to file briefs or other documents. *See* Fed. R. Civ. P. 7; E.D. Mich. LR 7.1; *see also Sweigert v. Cable News Network, Inc.*, No. 20-cv-12933, 2022 WL 842322, at *1 (E.D. Mich. Mar. 21, 2022) ("Because neither the Federal Rules of

Civil Procedure nor the Local Court Rules authorize the filing of a non-party's amicus brief, the Court will STRIKE Mr. Goodman's Amicus Curiae Brief [#20].); *Stepler v. Warden, Hocking Corr. Facility*, No. 2:12-cv-1209, 2013 WL 3147953, at *2 (S.D. Ohio June 18, 2013) ("Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court authorize the filing of a non-party's amicus brief.").

Furthermore, even assuming that Palm intended his filings to be amicus briefs under the Federal Rules of Appellate Procedure, he has not followed those rules. *See Freed v. Thomas*, No. 17-CV-13519, 2018 WL 3848155, at *2-3 (E.D. Mich. Aug. 9, 2018) (applying the Federal Rules of Appellate Procedure to decide proposed amici's motion for leave to file an amicus brief). Federal Rule of Appellate Procedure 29(b) requires proposed amici to show "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b). "There is no right of nonparties generally to submit an amicus brief." 16AA C. Wright & A. Miller, *Federal Practice and Procedure* § 3975, p. 383 (2021). Instead, "the amicus must file a motion for leave to file the brief" when consent cannot be obtained. *Id*. The amicus brief itself must accompany the motion for leave, Fed. R. App. P. 29(a)(3), and the filings must be served on all parties, Fed. R. App. P. 25(b). Here, even assuming the Court would consider Palm's request, he has not made any showing

3

regarding the requirements of Rule 29(b) (desirability and relevance) and also failed to file a motion before filing a brief.

Any future filings by Palm are likely to be stricken.

Dated: August 17, 2022　　　　　　　　　　s/Kimberly G. Altman
Detroit, Michigan　　　　　　　　　　　　　KIMBERLY G. ALTMAN
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 17, 2022.

　　　　　　　　　　　　　　　　　　　　　s/Carolyn Ciesla
　　　　　　　　　　　　　　　　　　　　　CAROLYN CIESLA
　　　　　　　　　　　　　　　　　　　　　Case Manager

4