UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY F. SMITH,

    Plaintiff,

v.

JAY DEBOYER and
JOCELYN BENSON,

    Defendants.

Case No. 22-11572

Honorable Nancy G. Edmunds

_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S OCTOBER 12, 2022 REPORT AND RECOMMENDATION [24]**

This is a case concerning the 2020 election filed by pro se Plaintiff Gary F. Smith against Defendants Jay DeBoyer, the St. Clair County Clerk, and Jocelyn Benson, the Michigan Secretary of State. (ECF Nos. 1, 5.) The case has been referred to Magistrate Judge Kimberly G. Altman for all pre-trial matters. (ECF No. 9.) Before the Court is the Magistrate Judge's report and recommendation to grant Defendants' motions to dismiss. (ECF No. 24.) Plaintiff objects to that report. (ECF No. 25.) For the reasons below, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the report and recommendation.

**I.    Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

1

II.   Analysis

The Magistrate Judge recommends dismissing Plaintiff's claims under criminal statutes, the Michigan Constitution, and for negligence and breach of contract with prejudice and dismissing his claim under the Freedom of Information Act without prejudice.[1]  Plaintiff has filed six objections, but his first five objections consist in large part of reassertions of the arguments he previously made before the Magistrate Judge. "This Court is not obligated to address objections made in this form because the objections fail to identify the *specific* errors in the magistrate judge's proposed recommendations, and such objections undermine the purpose of the Federal Magistrate's Act, which serves to reduce duplicative work and conserve judicial resources." *See Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citations omitted).  Nonetheless, the Court has reviewed the record and agrees with the Magistrate Judge.  The only claim that Plaintiff attempts to bring that is plausible on its face is his claim under Michigan's Freedom of Information Act, and state courts are better equipped to address that claim.  And with regard to Plaintiff's sixth objection, this is the first time Plaintiff cites to Executive Order 13848.  However, absent compelling reasons, a party is not permitted to raise new arguments or issues at the district court stage that were not presented to the magistrate judge.  *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).  Nor does that order, which addresses foreign interference in United States elections, otherwise support

---

[1] The Magistrate Judge read Plaintiff's complaint liberally to define these five claims.  She recommends dismissal of a few of the claims on different grounds than those asserted by Defendants.  (ECF No. 24, PageID.565 n.3.)

2

Plaintiff's objections. Thus, Plaintiff's objections are overruled, and the Court will dismiss this case as recommended by the Magistrate Judge.

### III. Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objections and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 24). Accordingly, Defendants' motions to dismiss (ECF Nos. 7, 14) are GRANTED. Plaintiff's claim under the Freedom of Information Act is dismissed without prejudice, and his remaining claims are dismissed with prejudice.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 2, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2022, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager